UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **LEIA SMITH, individually and on behalf of others similarly situated,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MANAGEMENT NETWORK U.S.A., INC.,** )<br>)<br>**Defendant.** )<br>)<br>**Serve: Management Network U.S.A., Inc.** )<br>  **92 Corporate Park** )<br>  **Suite C-313** )<br>  **Irvine, CA 92606** ) | Case No. 3:17-CV-300-JHM<br><br>*Electronically filed* |

\* \* \* \* \*

## CLASS ACTION COMPLAINT

Plaintiff Leia Smith, by counsel, for her Complaint against Defendant Management Network U.S.A., Inc., states as follows:

### INTRODUCTION

1. This is an action for damages and equitable relief against Defendant, Management Network U.S.A., Inc., pursuant to KRS 380.110, *et seq.*, the Kentucky Consumer Protection Act, KRS 367.170, *et seq.*, and the common law of Kentucky. Management Network used abusive, deceptive, and unfair business practices to entice Kentucky homeowners into enrolling in its loan modification program. Instead of delivering actual services, Management Network carried out a scam carefully designed to exploit the vulnerabilities of those facing foreclosure. Ms. Smith unwittingly fell victim to this scam and now seeks damages for Management Network's conduct.

## PARTIES AND JURISDICTION

2. Ms. Smith is a resident of Taylorsville, Spencer County, Kentucky.

3. Management Network U.S.A., Inc. is a corporation with its principle place of business in California. Management Network's status with the California Secretary of State is dissolved. At all times relevant to the events described herein, Management Network engaged in business with Kentucky consumers within this judicial district as a debt adjuster as defined by KRS 380.010, without registering with the Attorney General of Kentucky as a debt adjuster or the Kentucky Secretary of State as a business or foreign entity.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the parties are diverse and the amount in controversy exceeds $75,000.00.

5. Venue in this District is proper pursuant to 28 U.S.C. §1391(b)(2) as Defendant transacts business in this District and a substantial part of the events or omissions giving rise to Ms. Smith's claims occurred in this District.

## FACTUAL ALLEGATIONS

6. In 2014, Ms. Smith obtained a mortgage loan to purchase a home in Taylorsville, Kentucky.

7. In 2016, Ms. Smith experienced financial hardship, and she reached out to her loan servicer, PennyMac, for assistance with a loan modification.

8. Shortly thereafter, Management Network contacted Ms. Smith and offered to provide her with loan modification and foreclosure prevention services.

9. On or around June 1, 2016, Ms. Smith entered into a written agreement with Management Network and enrolled in its Assisted Home Saver Program ("AHS" Program).

10. Under the terms of the agreement, Management Network agreed to assist Ms.

Smith by creating a loan modification package to submit to her lender. Management Network also represented that it would negotiate with PennyMac on Ms. Smith's behalf to modify the terms of her loan.

11. As a condition of her enrollment in the AHS Program, Management Network Required that Ms. Smith cease all communication with PennyMac. To ensure compliance, Management Network included the following provision in its agreement with Ms. Smith:

> No Financial Communication Agreement: I/we agree that I/we will not communicate any financial information with my lender(s) or my lender's agents in any way whatsoever, including but not limited to written or telephone communications while I am being represented by Management Network U.S.A. This means that I/we will not answer Inquiries, phone calls, letters or other means of attempted communication under any circumstances during this period. I/we shall promptly notify MNUSA of any attempted communication by my lender and will provide copies of any communications received from them. Should I not comply with this, I understand that MNUSA has the right to cease representation immediately upon their notice to me and MNUSA may at their option retain the full amount of the fees that would be owed to them, had they continued to represent me successfully.

12. PennyMac also stopped communicating with Ms. Smith in response to a "cease and desist" letter it received from Management Network on or around June 1, 2016. In the letter, Management Network proclaimed to be "legal counsel" for Ms. Smith. Management Network demanded that PennyMac cease communications with Ms. Smith and forward any communications related to her account to Management Network.

13. Upon information and belief, Management Network is not a law firm. Furthermore, other than proclaiming to act as "legal counsel," nothing in the documents Management Network provided to Ms. Smith indicate that any of its representatives are licensed to practice law. In fact, none of the documents include an individual's name that she could search to confirm licensure with any state bar.

14. Since Ms. Smith was no longer receiving or initiating communication with PennyMac, she solely relied on representations made by Management Network regarding the status of her loan modification application and mortgage loan.

15. Shortly after enrolling in the AHS Program, Management Network told Ms. Smith that it negotiated a preliminary approval of her loan modification application. Further, Management Network told her that she could avoid foreclosure if she made four monthly "trial payments" totaling $3,525.56.

16. In reliance on the representations made by Management Network, Ms. Smith submitted four payments totaling $3,525.56 to Management Network from June 2016 to September 2016.

17. Ms. Smith never received notice from Management Network informing her of any default or any notice of PennyMac's intent to foreclose and accelerate any alleged indebtedness.

18. Despite making the payments to Management Network, PennyMac initiated foreclosure proceedings against Ms. Smith on October 31, 2016.

19. After PennyMac initiated its foreclosure action, Ms. Smith discovered that Management Network misrepresented that she had been approved for a loan modification. Also, despite Management Networks promises to do so, Ms. Smith discovered that Management Network did not forward her four payments totaling $3,525.56 to PennyMac.

20. Under Kentucky's Debt-Adjuster statutes, a debt-adjuster is defined as any person engaged in activities such as:

> debt adjusting, budget counseling, debt management, debt modification or settlement, foreclosure assistance, or debt pooling service, or holding oneself out as acting or offering or attempting to act as an intermediary between a debtor and his or her creditors for a fee, contribution, or other consideration, or by words of similar import, as providing services to debtors in the management,

4

settlement, modification, or adjustment of their debts, to do any of the following:

(a) Effect the adjustment, compromise, settlement, modification, or discharge of any account, note or other indebtedness of the debtor;

(b) Receive from the debtor and disburse to the debtor's creditors any money or other thing of value; or

(c) Solicit business and advertise as a debt adjuster.

21. In conducting business as a debt-adjuster, Management Network engaged in unfair, false, misleading, and deceptive business practices in violation of Kentucky's Debt-Adjuster statutes, KRS 380.010, *et seq.*, and the Kentucky Consumer Protection Act, KRS 367.110, *et seq.* Furthermore, Management Network's conduct constituted fraud under the common law of Kentucky.

22. Management Network's unlawful conduct has caused Ms. Smith to suffer damages including, but not limited to, mental and emotional stress in an amount to be determined at trial.

## COUNT 1:
## VIOLATION OF KENTUCKY
## DEBT-ADJUSTER STATUTES
## (KRS 380.010, *et. seq.*)

23. Ms. Smith incorporates by reference the allegations previously set forth in this Complaint.

24. The actions detailed above constitute multiple violations of Kentucky's Debt-Adjuster statutes. Specifically, Management Network's actions constitute violations of KRS 380.040(1)(a)(b), (2)(d), (5), (9)(h)(2), (3), (5), (i), and (10); 380.060 (3); 380.090(1)(2); and 380.100(1)(b)-(d), (f)(2)-(13), and (g) - (i).

25. Management Network's unlawful actions caused Ms. Smith to sustain actual

damages in the form of mental and emotional distress, turmoil, and anxiety. Ms. Smith's credit has also been unnecessarily impaired.

26. Ms. Smith is entitled to recover actual damages and punitive damages pursuant to KRS 380.110(1).

27. Ms. Smith is also entitled to recover attorney's fees and costs pursuant to KRS 380.110(3).

## COUNT 2:
## VIOLATION OF KENTUCKY
## CONSUMER PROTECTION ACT
## (KRS 367.170)

28. Ms. Smith incorporates by reference the allegations previously set forth in this Complaint.

29. Management Network's conduct as described above constitutes unfair, unconscionable, false, misleading, and deceptive acts or practices in the conduct of a trade or commerce and thus violates Kentucky's Consumer Protection Act, KRS 367.170.

30. Management Network's conduct included oppression, fraud, and/or malice pursuant to KRS 411.184

31. Ms. Smith is entitled to recover actual damages, punitive damages, and equitable relief as appropriate, pursuant to KRS 367.220(1) and KRS 380.990(3).

32. Ms. Smith is also entitled to recover reasonable attorney's fees and costs pursuant to KRS 367.220(3).

## COUNT 3:
## FRAUDULENT MISREPRESENTATION

33. Ms. Smith incorporates by reference the allegations previously set forth in this Complaint.

34. By engaging in the conduct set forth above, Management Network knowingly or

recklessly, made material misrepresentations to Ms. Smith with the intent and purpose of scamming Ms. Smith out of thousands of dollars.

35. Specifically, Management Network misrepresented to Ms. Smith that: (1) it would serve as her "legal counsel;" (2) that it engaged in negotiations with PennyMac on her behalf that resulted in an approval for a loan modification; (3) that if she made four monthly "trial payments" or paid fees to Management Network, PennyMac would not file a foreclosure against her; and, (4) that it would forward her payments to PennyMac.

36. Management Network's actions caused Ms. Smith to suffer actual damages, including, but not limited to, mental and emotional distress in an amount to be determined at trial.

37. In addition to actual damages, Ms. Smith is entitled to recover punitive damages pursuant to KRS 411.184 and KRS 411.186.

## COUNT 4:
## BREACH OF CONTRACT

38. Ms. Smith incorporates by reference the allegations previously set forth in this Complaint. In the alternative, by engaging in the conduct set forth above, Management Network breached the terms of its agreement with Ms. Smith.

39. As a direct and proximate result of Management Network's breach, Ms. Smith suffered injury and damages in an amount to be determined by the evidence at trial.

## CLASS ALLEGATIONS

40. Plaintiff brings this action on her own behalf and on behalf of a class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Procedure.

41. Plaintiff proposes that the Court certify a class (the "Class") defined as all persons

throughout the Commonwealth of Kentucky who received debt-adjuster services from Management Network during any time period that it was engaging in unregistered debt-adjuster activities in violation of the KRS 380.040(5), KRS 380.990(3), and KRS 367.170.

42. The Class is believed to be so numerous that joinder of all members is impractical. The Complaint concerns unlawful debt-adjuster activities that has caused harm to Kentucky consumers throughout the Commonwealth of Kentucky.

43. Whether Management Network engaged in unregistered debt-adjuster activities in violation of KRS 380.040(5) and KRS 367.170, is a question of law or fact common to the Class.

44. Ms. Smith's claims are typical of the claims of the Class. All claims arise out of KRS 380.990(3), KRS 367.220(3), and factual and legal theories based on violations of KRS 380.040(5) and KRS 367.170.

45. Ms. Smith will fairly and adequately protect the interests of the Class and she does not have any interests that are inapposite to the interests of the Class. Counsel for Ms. Smith is competent and experienced in consumer protection issues and will commit the resources necessary to prosecute this action on behalf of Ms. Smith and the Class.

46. The questions of law or fact common to the Class predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.  It is believed that members of the Class lack substantial interest in individually controlling the prosecution of separate actions, there is minimal litigation concerning the controversy already begun by or against the Class members, concentration of the litigation in this forum is desirable as is harming consumers throughout the Commonwealth of Kentucky, and difficulties in managing a class action are insignificant.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Ms. Smith prays that this Court certify the Class and demands relief against Defendant, Management Network, as follows:

a. Entry of a Judgment to compensate Ms. Smith and the Class for damages to which they are entitled, including but not limited to actual, compensatory, and punitive damages;

b. Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law;

c. Trial by jury on all issues so triable;

d. An award of attorney's fees and costs herein incurred;

e. Any and all other relief to which Ms. Smith and the Class may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

Respectfully submitted,

CRAIG HENRY PLC
James Craig
Whitney L. Railey

*s/     James Craig*
239 South Fifth Street, Suite 1400
Louisville, Kentucky 40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968
Email: jcraig@craighenrylaw.com
Email: wrailey@craighenrylaw.com

*Counsel for Leia Smith*