UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

LEIA SMITH                                                                                              PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:17-CV-00300-JRW-RSE

MANAGEMENT NETWORK U.S.A., INC., et al.                                          DEFENDANTS

**ORDER GRANTING DEFAULT JUDGMENT MOTION
AND DISCHARGING SHOW CAUSE ORDER**

1. The Court **GRANTS** the default judgment motion (DN 78) against Management Network USA, Inc. ("Management") and Arturo Garcia.

2. The Court **DISCHARGES** Leia Smith's obligations under the Show Cause Order (DN 77).

3. The Court will enter a separate Default Judgment in Smith's favor.

**OPINION**

After Smith fell on hard times, Management offered to help her modify her mortgage loan and promised to negotiate with Smith's mortgage company.[1] Smith paid Management $3,525.56 to avoid foreclosure,[2] but Management never sent that money to her mortgage company.[3] Smith lost her home.[4] She sued Management and Garcia, one of its principals.[5]

---

[1] DN 49 ¶ 8, 9, 11.
[2] DN 49 ¶ 16, 17.
[3] DN 49 ¶ 20.
[4] DN 78 ¶ 3.
[5] DN 49. Smith dismissed claims against Christopher Estrada and Amir Yasami. DN 74.

Management is liable to Smith on all counts in the Amended Complaint. Additionally, piercing Management's corporate veil is appropriate, and Garcia is personally liable to Smith on all counts in the Amended Complaint.

Smith is entitled to $38,781.16 in actual damages from Management and Garcia. A hearing on Smith's damages is unnecessary[6] and would pose its own risks.[7] Smith paid Management $3,525.56 to avoid losing her home. Instead of helping her, Management pocketed the money. Losing one's home after being scammed is devastating, and $35,255.60 is a reasonable amount to account for that emotional devastation.

Additionally, although Smith only asked for $38,781.16 in her motion, the Court still has diversity jurisdiction. Smith sued for actual damages (including her emotional harm damages),[8] punitive damages,[9] and attorneys' fees.[10] If Smith proved that punitive damages were appropriate, a 1:1 ratio of actual to punitive damages ($38,781.16 x 2 = $77,562.32) would exceed $75,000. And, even without a punitive damages award, Smith's actual damages plus her statutory attorneys' fees would also likely exceed $75,000.[11]

*Justin R. Walker*

Justin R Walker, District Judge
United States District Court

3/31/2020

---

[6] "The Court *may* conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to … determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B) (emphasis added).

[7] DN 78 ¶ 1 (Smith is a nurse in a skilled care facility and is following Governor Beshear's social distancing recommendation); *see also*, General Order 20-02 ("the Court seeks to take immediate and necessary precautions to reduce the possibility of exposure to the virus and slow the spread of the disease, to the extent practical.").

[8] DN 49 ¶ 47.

[9] DN 49 ¶ 48.

[10] DN 49 ¶ 34.

[11] *Cf. Grange Mut. Cas. Co. v. Safeco Ins. Co. of America*, 565 F.Supp.2d 779, 784 (E.D.Ky. 2008) (Thapar, D.J.) ("While attorney's fees and/or defense costs are not normally considered when determining the amount in controversy, they are included in the amount in controversy … when provided by a statute that expressly mandates or allows the payment of such fees." If Smith prevailed on Count I, for example, the Court could award her attorneys' fees. *See* KRS § 380.110(3).